FILED

SEP 1 3 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NICOLE KORDUS,<br>*Plaintiff*,<br><br>v.<br><br>TOLTECA ENTERPRISES, INC, d/b/a<br>PHOENIX RECOVERY GROUP, a<br>Texas Corporation; TRAVELERS<br>CASUALTY AND SURETY COMPANY<br>d/b/a TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA, a<br>Connecticut Corporation; and JOHN<br>AND JANE DOES NUMBERS 1<br>THROUGH 10,<br>*Defendants*. | Civil Action No. 5:18-cv-00326-OLG |

## ORDER

On this day, the Court considered Plaintiff's Motion for Entry of Judgment on Settlement (docket no. 23) (the "Motion"). Having considered the Motion and the record, the Court finds that the Motion should be GRANTED.

## BACKGROUND

Plaintiff Nicole Kordus ("Plaintiff") initiated this lawsuit seeking damages for fraudulent and unfair debt collection practices. Docket no. 1. Specifically, Defendant Tolteca Enterprises ("Defendant") allegedly collected a debt from Plaintiff under false pretenses. Docket no. 23 at p. 2. Plaintiff subsequently became aware of Tolteca's alleged misrepresentation after her satisfaction of the judgment had been vacated and her "failure" to pay a judgment negatively impacted her credit report and her ability to obtain a loan from Habitat for Humanity. *Id.* Accordingly, Plaintiff filed this suit against Defendant.

After discovery, Plaintiff and Defendant reached a settlement agreement during mediation. *See* docket no. 23-2. Plaintiff and Defendant settled her claims for $13,000.00 payable in nine installments. Docket no. 23 at p. 4. As agreed, Defendant paid the first installment of $3,500.00 on July 8, 2019. *Id.* Defendant, however, failed to pay the second installment due on August 8, 2019, after which Plaintiff's counsel provided written notice of the default to Defendant's counsel in accordance with the agreement. *See* docket no. 23 at p. 4. After this notice, the settlement agreement provides that Defendant has 3 business days to cure before Plaintiff is entitled to a judgment against Defendant. *Id.* The agreement further outlines that the judgment shall be for "all amounts that remain unpaid as well as Claimant's reasonable attorney's fees and costs incurred in obtaining the judgment and/or enforcing this agreement." *Id.* Defendant failed to cure the default within 3 business days, and, therefore, Plaintiff moves this Court to enter a judgment for the outstanding balance and attorney's fees.

## ANALYSIS

A district court possesses the inherent power to summarily enforce settlement agreements reached in cases pending before it. *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Settlement agreements are binding when there is a manifestation of mutual assent, such as an offer and an acceptance. *Lopez v. Kempthorne*, 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010). And, "litigants may not disavow [a settlement agreement] made and approved, for avoiding the bargain would undermine its contractual validity, increase litigation, and impair efficient judicial administration." *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 528 (5th Cir. 1986).

The Court finds that the settlement agreement is binding on both parties. The settlement agreement was signed by both parties during mediation, and Defendant paid the first installment

according to its terms, removing any ambiguity as to whether it accepted the agreement. *See* docket no. 23. The Court further finds that Defendant is in default for its failure to timely pay the second installment. Plaintiff followed the terms of the agreement by providing written notice to Defendant's counsel, and the record indicates that Defendant has yet to cure the default or respond to the Motion. *Id.* Under the terms of the agreement, this default and the subsequent failure to cure can result in a judgment against Defendant. Docket no. 23-2 at ¶ 2. Accordingly, Plaintiff is entitled to a judgment against Defendant for the outstanding balance and reasonable attorney's fees and costs incurred in obtaining this judgment.

Plaintiff's Motion also seeks the approval of her counsel's calculation of the reasonable attorney's fees accrued in seeking to enforce the settlement agreement. *See* docket nos. 23 and 23-1. Plaintiff's counsel seeks $4,085.00, which is 8.6 hours billed at an hourly rate of $475.00. *Id.* A prevailing litigant may recover reasonable attorney's fees pursuant to a provision in an enforceable contract. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). The party seeking the award of attorney's fees bears the burden of proving the amount and the reasonableness of the fees, but district courts do not have much discretion to deny attorney's fees as provided by contract, unless the award will result in an inequity. *Fisk Elec. Co. v. DQSI, LLC*, 17-30646, 2018 WL 3238919, at *2 (5th Cir. July 2, 2018) (quoting *Cable Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. 1980)).

The Court finds that Plaintiff's counsel has met the burden of establishing the reasonableness of the attorney's fees. In his declaration, Plaintiff's counsel cites to numerous cases where federal courts have approved his hourly rate. *See* docket no. 23-1 at ¶¶ 26-29. Thus, the requested fees are not unreasonable for seeking to enforce a settlement agreement, and there is no indication that an award of $4,075.00 in attorney's fees is inequitable. Accordingly, the

Court GRANTS Plaintiff's Motion as to both the remaining balance and the attorney's fees and costs.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Judgment is hereby entered in favor of Plaintiff Nicole Kordus and against Defendant Tolteca Enterprises, Inc. d/b/a Phoenix Recovery Group, in the amount of $13,585.00, which is the sum of $9,500.00 in the remaining balance under the agreement and $4,085.00 in attorney's fees and costs.

**SIGNED** this _____ day of September, 2019.

_____
ORLANDO L. GARCIA
Chief United States District Judge